# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON KING,<br><br>    Plaintiff,<br><br>    v.<br><br>CALISTRO,<br><br>    Defendant. | Case No.  1:15-cv-00698-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Alton King is a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed May 7, 2015.  (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Valley State Prison. On or about July 23, 2013, Plaintiff was in the pill line to receive his medication and Licensed Vocational Nurse ("LVN") Calistro was dispensing medications to inmates. (Compl. ¶ 7, ECF No. 1.) LVN Calistro noticed that Plaintiff's medication had been increased from 15 mg to 30 mg and asked Plaintiff how he had managed to get his Morphine dosage increased. (Id. at ¶¶ 9, 10.) Plaintiff informed LVN Calistro that the doctor had increased his medication due to the severity of his pain. (Id. at ¶ 11.)

On August 18, 2013, Plaintiff went to receive his medication and LVN Calistro was dispensing medication. (Id. at ¶ 12.) Plaintiff had difficulty swallowing due to a recent Tonsillectomy, adenoidectomy, and left neck mass dissection surgery. (Id.) Pursuant to prison

procedures, LVN Calistro asked Plaintiff to open his mouth to make sure that he had swallowed his medication. (Id.) After checking Plaintiff's mouth, LVN Calistro indicated that Plaintiff was to leave. (Id. at ¶¶ 12, 13.)

On August 21, 2013, Plaintiff went to receive his medication and discovered that his prescription had been changed from a time release pill to a pill that had to be crushed to powder and mixed with water. (Id. at ¶ 15.) Plaintiff was informed that his Morphine had been discontinued because LVN Calistro had claimed that she caught him cheeking his medication. (Id. at ¶¶ 16, 17.) Cheeking, which is forbidden, occurs where an inmate does not swallow his medication, but conceals it in his cheek to sell or use at a later time. (Id. at ¶ 18.)

After being told of the allegations, Plaintiff went to speak with Correctional Officer Spears. (Id. at ¶ 20.) Officer Spears told Plaintiff that LVN Calistro never informed him that Plaintiff had been caught cheeking his medication on August 18, 2013. (Id. at ¶ 21.) Plaintiff contends that due to LVN Calistro falsely stating that he was caught cheeking his medication, he was placed on an ineffective pain medication regimen which caused him to suffer withdrawal and constant severe pain. (Id. at ¶¶ 26-29.)

Prior to LVN Calistro claiming that Plaintiff cheeked his medication, he filed an inmate appeal regarding inadequate medical care following his neck surgery.[1] (Id. at ¶ 30.) Plaintiff appeared in the pill line on an unidentified date and LVN Calistro asked him why he filed an inmate appeal. (Id. at 31.) LVN Calistro alleged told Plaintiff that she was "tired of these scum bag inmates always complaining about inadequate medical care, when most of them never had any medical insurance or treatment when they were free." (Id. at ¶ 32.) LVN Calistro informed Plaintiff that she did not think he needed Morphine. (Id. at ¶ 33.)

Plaintiff brings this action against LVN Calistro for deliberate indifference, retaliation, and violation of due process. (Id. at ¶¶ 39-44.) Plaintiff seeks monetary damages and injunctive and declaratory relief. (Id. at pp. 8-9.[2])

---

[1] Plaintiff attaches as an exhibit to his complaint a grievance filed August 8, 2013. (ECF No. 1 at 23-34.)

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

For the reasons stated below, Plaintiff states a claim for retaliation, but fails to state any other cognizable claims.

### III.

### DISCUSSION

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-394 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). This requires Plaintiff to allege sufficient facts to link the named defendants to some act or failure to act that violated his constitutional rights. Iqbal at 1949

**A. Retaliation**

Plaintiff alleges that LVN Calistro falsely reported that he cheeked his medication because he filed an inmate appeal grieving the inadequate care he received after having surgery. A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

1    At the pleading stage, Plaintiff's allegations are sufficient to state a claim against LVN
2 Calistro for retaliation in violation of the First Amendment.

3    **B.    Deliberate Indifference**

4    Plaintiff contends that LVN Calistro was deliberately indifferent to his medical needs by
5 falsely claiming that he cheeked his medication to have his prescription medication changed.
6 While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care,
7 the Eighth Amendment is violated only when a prison official acts with deliberate indifference to
8 an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012),
9 overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014);
10 Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096
11 (9th Cir. 2006). To state a claim, Plaintiff "must show (1) a serious medical need by
12 demonstrating that failure to treat [his] condition could result in further significant injury or the
13 unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need
14 was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).
15 Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's
16 pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at
17 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective
18 recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation
19 and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

20    Plaintiff contends that LVN Calistro was deliberately indifferent to his medical needs
21 because she reported that he cheeked his medication which resulted in a change in his medication
22 regime to a different medication that was administered by being dissolved in water. However,
23 even if LVN Calistro falsely reported that Plaintiff cheeked his medication, it is not plausible that
24 LVN Calistro, given her position, had the ability to determine the medication that Plaintiff was
25 prescribed. The allegations in the complaint demonstrate that Plaintiff continued to receive
26 medication, although not the medication that he preferred. Even if Plaintiff's medication was
27 changed due to LVN Calistro's allegations, the change in medication is a difference of opinion
28 between Plaintiff and prison medical authorities as to proper treatment which does not give rise

1  to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981);  Mayfield v. Craven, 433
2  F.2d 873, 874 (9th Cir. 1970).  Plaintiff fails to state a plausible deliberate indifference claim
3  against LVN Calistro due to her reporting that he cheeked his medication.

4  Plaintiff also contends that due to the change in his medication he was forced to endure
5  painful withdrawals without medical treatment and ongoing, constant pain.  However, Plaintiff's
6  complaint is devoid of any allegations that he reported these symptoms to any medical personnel
7  who failed to appropriately respond.  To state a claim, Plaintiff must allege sufficient facts to
8  show that the named defendant was aware of a serious medical need and failed to adequately
9  respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).  Plaintiff
10 fails to state a cognizable claim for deliberate indifference to his medical needs.

**C.   Due Process**

Plaintiff alleges that his due process rights were violated when LVN Calistro falsely reported that he cheeked his medication.  The touchstone of due process is protection of the individual against arbitrary government action, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective.  County of Sacramento v. Lewis, 523 U.S. 833, 845-46, (1998) (quotation marks and citations omitted).

1.   Procedural Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought.  Id.  A state may "create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

Plaintiff points to the portions of the CDCR medical protocol that addresses the procedure to follow when administering medication.  (ECF No. 1 at 61-63.)  To the extent that

1  Plaintiff contends that LVN Calistro's actions failed to comport with the CDCR medical
2  protocols and practices, the CDCR medical procedures do not create liberty interests that are
3  protected by the Due Process clause. . See Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir.
4  1986) ("The state's use of guidelines to 'structure the exercise' of the decisionmaker's discretion
5  does not necessarily create a protected interest.")  The regulations provide that where an inmate
6  has a history of cheeking medication "the prescriber **may** order medications in tablet or capsule
7  form to be crushed or emptied into water or juice. . . ." (ECF No. 1 at 66 (emphasis added).)
8  The regulations provide that the medical provider has discretion in deciding how medications
9  may be provided to the inmate and as such cannot create a liberty interest.  Roberts, 783 F.2d at
10 871 (use of the word may considered in the context of the regulation indicates "that the
11 regulation does not create a 'right or justifiable expectation' that can be denied only upon the
12 application of defined and objective criteria.")  Plaintiff does not have a liberty interest in
13 receiving a certain type of medication or being administered his medication in a specific manner.

14       2.    Substantive Due Process

15      Where a particular amendment provides an explicit textual source of constitutional
16 protection against a particular sort of government behavior, that Amendment, not the more
17 generalized notion of substantive due process, must be the guide for analyzing a plaintiff's
18 claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and
19 brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –
20 Eckrick, Inc., 546 U.S. 394 (2006); Lewis, 523 U.S. at 842.  In this case, the Eighth Amendment
21 "provides [the] explicit textual source of constitutional protection . . . ."  Patel, 103 F.3d at 874.
22 Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth
23 Amendment governs Plaintiff's claims in this action.

24    **D.    Equitable Relief**

25      Plaintiff seeks an evaluation regarding appropriate pain medication, evaluation by a non-
26 CDCR pain specialist, and expungement of any records relating to him cheeking his medication.
27 Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides
28 in relevant part, "Prospective relief in any civil action with respect to prison conditions shall

extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

While an order requiring expungement of any records regarding Plaintiff cheeking his medication would be narrowly tailored to correct the alleged retaliation at issue here, Plaintiff's request for evaluation by a non-CDCR specialist and pain control medication would extend further than necessary to correct the alleged violation here. Therefore, Plaintiff's requests pertaining to evaluation by a non-CDCR pain specialist, medication and medical care are not cognizable in this action and these claims are dismissed.

Plaintiff also seeks a declaration that LVN Calistro failed to comply with procedure and protocol and was deliberately indifferent to his medical needs. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Plaintiff's rights were violated is unnecessary.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against LVN Calistro for retaliation in violation of the First Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against LVN Calistro, Plaintiff may so notify the Court in writing. The claims found to be not cognizable will then be dismissed for failure to state a claim. Plaintiff will then be provided with a summons and a USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on LVN Calistro.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against LVN Calistro for retaliation in violation of the First Amendment; and

///

///

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __**July 8, 2015**__

_____
UNITED STATES MAGISTRATE JUDGE