# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALISTRO,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00698-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>[ECF No. 19] |

Plaintiff Alton King is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Local Rule 302.

Now pending before the Court is Plaintiff's motion for a preliminary injunction, filed February 18, 2016.

## I.
## DISCUSSION

The purpose of a temporary restraining order or a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction [or temporary restraining order] must establish that he is likely to succeed on the merits, that he is likely

1

1 to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that motion is unsupported by evidence.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95 102 (1983); Valley Forge Christian Coll. V. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation of his rights at issue in this action. This action is proceeding against Defendant Calistro for deliberate indifference to a serious medical need, and Plaintiff requests a court order prohibiting him from being transferred to a different prison within the State. Plaintiff seeks a court order protecting him from present and future actions, and such an order would not remedy the claim upon which this action proceeds. Thus, the equitable relief requested herein is not sufficiently related to Plaintiff's underlying legal claims to satisfy the jurisdictional requirements that apply to federal courts. Accordingly, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

///

///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for a preliminary injunction preventing him from being transferred to a different prison is DENIED.

IT IS SO ORDERED.

Dated:   **February 19, 2016**

UNITED STATES MAGISTRATE JUDGE