UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON KING,<br><br>        Plaintiff,<br><br>v.<br><br>CALISTRO,<br><br>        Defendant. | Case No.: 1:15-cv-00698-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 12, 2017, ORDER<br><br>[ECF No. 37] |

      Plaintiff Alton King is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Currently before the Court is Plaintiff's objections and request for reconsideration to the Court's April 12, 2017, order granting Defendant's second request to modify the scheduling order and extend the time to file a dispositive motion, filed April 24, 2017.

      On April 10, 2017, Defendant requested a seven day extension of time to file a dispositive motion. On the basis of a showing of good cause, the Court granted Defendant's request on April 12, 2017. The motion for summary judgment was timely filed on April 27, 2017.

      In his request for reconsideration, Plaintiff contends that this Court did not await the time period for him to file an opposition under Local Rule 230(l) before issuing its ruling, and therefore requests reconsideration of the Court and opposes Defendant's request. Plaintiff argues that Defendant failed to demonstrate good cause for the extension of time and is highly prejudicial to him.

1

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

While Plaintiff is correct that the Court issued its ruling prior to the time frame to file an opposition; however, the Court's ruling was based on the clear showing by Defendant of good cause to grant a seven day extension of time to file the dispositive motion. In the request, defense counsel declared that medical expert, Dr. Bruce Barnett, was retained to review Plaintiff's medical records and provide his expert opinion concerning the adequacy of the medical care Defendant provided to Plaintiff. (Hood Decl. ¶ 3, ECF No. 32.) However, Dr. Barnett's declaration was not finalized until April 7, 2017, and counsel was in need of a seven day extension of time incorporate the opinion into the summary judgment motion. (Id. at ¶ 4.) Because the Plaintiff was not heard on his objection, the Court will consider Plaintiff's objection and reconsider whether Defendant's request should have been granted.

Plaintiff's claim that he will be prejudiced by the filing of the dispositive motion is insufficient to overcome the showing of good cause presented by Defendant in seeking an extension of time. Plaintiff's objections do not overcome the showing of good cause presented by Defendant in the motion to extend the time to file a dispositive motion, and IT IS HEREBY ORDERED that Plaintiff's objections and motion for reconsideration of Defendant's request to extend the time are overruled and denied.

IT IS SO ORDERED.

Dated: **April 26, 2017**

UNITED STATES MAGISTRATE JUDGE